UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARANTON DEJOUR JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-4224** |
| **MARLIN GUSMAN** | **SECTION "E"(4)** |

**PARTIAL REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.      **Factual and Procedural Background**

The plaintiffs, Aranton Dejour Johnson ("Johnson"), David Williams ("Williams"), and Keith D. Jones ("Jones"), were inmates housed in the Orleans Parish Prison system ("OPP") at the time of the filing of this *pro se* complaint under 42 U.S.C. § 1983. The plaintiffs filed this complaint against the defendant, Orleans Parish Sheriff Marlin Gusman, alleging that the conditions at OPP were unsanitary and they received insufficient recreation time.

Johnson submitted a completed and certified pauper application, which has been granted by separate order of the Court. The other plaintiffs, Williams and Jones, did not submit a filing fee or an application to proceed *in forma pauperis* with the complaint. The remainder of this Report is addressed only to the plaintiffs Williams and Jones for their failure to prosecute.

## II.     Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court.  A Rule 41(b) dismissal is considered an adjudication on the merits.  Fed. R. Civ. P. 41(b).  In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.  *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

The plaintiffs are proceeding without counsel and are responsible for the prosecution of the case.  A pro se litigant, however, is not exempt from compliance with relevant rules of procedural and substantive law.  *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007).  A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance."  *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

## III.    Analysis

As indicated above, Williams and Jones did not submit the required filing fee or request to proceed *in forma pauperis*.  The Clerk of Court sent deficiency notices dated September 15, 2015, to Williams and Jones notifying each plaintiff that he was required to either pay the filing fee or

submit a certified pauper application.[1]  The Clerk of Court mailed the notices to Williams and Jones at the addresses each plaintiff provided on the complaint.  The envelopes addressed to Williams and Jones were both returned marked "no longer in custody" and "transferred to Hunt."[2]

The Clerk of Court's staff contacted the prison officials and learned that Williams was actually transferred to the Winn Correctional Center and Jones to the Bossier Parish Jail.  The Clerk issued separate, second deficiency notices to Williams and Jones and sent each to the new address of the respective plaintiff.[3]  The envelopes have not been returned as undelivered and no response has been received from either Williams or Jones.

The second notices were mailed to Williams and Jones at their current addresses located by the Clerk of Court after the original envelopes were returned as undeliverable.  All litigants are obligated to keep the court advised of any address change.  Local Rules 11.1 and 41.3.1.  Neither Williams nor Jones has notified the Clerk's Office or the Court that he has been transferred to another facility or that his address has changed.  In addition, Williams and Jones still have not provided the filing fee or pauper application required to prosecute the case.  Accordingly, dismissal with prejudice of his complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute.

## IV. Recommendation

It is therefore **RECOMMENDED** that § 1983 complaint as it relates to the plaintiffs David Williams and Keith Jones against the defendant, Sheriff Marlin Gusman, be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

---

[1] Rec. Doc. Nos. 3, 4.

[2] Rec. Doc. Nos. 5, 6.

[3] Rec. Doc. Nos. 7, 8.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this 30th day of November, 2015.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

---

[4]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.